```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO


GEORGE ROBINSON, JR.,              )    CASE NO. 5:06 CV 3099
                                   )
          Plaintiff,               )    JUDGE JOHN R. ADAMS
                                   )
     v.                            )
                                   )    MEMORANDUM OF OPINION
SUMMIT COUNTY COURT OF COMMON      )    AND ORDER
     PLEAS, et al.,                )
                                   )
          Defendants.              )
```

On December 28, 2006, plaintiff <u>pro se</u> George Robinson, Jr., an inmate at the Mansfield Correctional Institution, filed this action under 42 U.S.C. § 1983 against the Summit County Court of Common Pleas and Walter Frazier. The statement of claim portion complaint states in its entirety as follows:

> Plaintiff has been in and out of mental institutions much of my life.
> I was denied medical help and mental help.
> Competency hearing denied and medications.
> Manifest of Evidence, Insufficient of Evidence denied effective counsel. Cruel and Unusual Punishment because Plaintiff is Black.
> Defendant Jury was denied relationship data and Lifestyle of Defendant.
> Plaintiff denied existence of Justice.
> The defendant prey on crack addicts, homeless, and mental ill males.
> Due Process
> Civil Rights  42 U.S.C. § 1983

As relief, plaintiff seeks "new trial, mental health

help, jury of my peers trial, vacate sentence." For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

While the complaint is unclear, its focus appears to be a challenge to plaintiff's criminal conviction and incarceration. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

2

good faith.

       IT IS SO ORDERED.


Date: February 7, 2007         S/John R. Adams
                                 JOHN R. ADAMS
                                 UNITED STATES DISTRICT JUDGE